**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**WESLEY TURNER and**
**MALACHI ALDERETE,**

**Plaintiffs,** **Case No. 1:26-cv-03220 JMR/GJF**

**v.**

**CITY OF RIO RANCHO and**
**COUNTY OF SANDOVAL,**

**Defendants.**

**DEFENDANT CITY OF RIO RANCHO'S MOTION TO DISMISS PLAINTIFFS' AMENDED CIVIL COMPLAINT [Doc. 1-1]**

Defendant City of Rio Rancho (the "City"), by and through counsel of record MYNATT SPRINGER P.C. (Alan J. Dahl and Shelton J. Cotton), moves this Court pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 42(b), and 28 U.S.C. § 1654, for dismissal and other relief regarding Plaintiffs' Amended Civil Complaint (the "Amended Complaint") [Doc 1-1] in lieu of answering the Amended Complaint. Per D.N.M.LR-Civ. 7.1(a), the City requested Plaintiffs' concurrence regarding this Motion and Plaintiffs opposed.

**INTRODUCTION AND PROCEDURAL HISTORY**

Plaintiffs, proceeding *pro se*, filed suit in New Mexico state court on August 12, 2026. Their two-page Original Complaint [Doc. 1-2] generally alleged an unlawful arrest and seizure arising from an August 8, 2026 incident, harassment arising from a separate welfare check in May 2026, and an alleged assault arising from an encounter with a Sandoval County deputy. The Original Complaint did not identify any particular statutory cause of action.

On September 10, 2026, Plaintiffs filed a 37-page Amended Complaint that appears to bring claims under 42 U.S.C. § 1983, the New Mexico Civil Rights Act (the "NMCRA"), and the

New Mexico Tort Claims Act (the "NMTCA") [*See* Doc. 1-1 at 2, 9-12][1]. The Amended Complaint also invokes several state and federal constitutional provisions, criminal statutes, and case law. [*See id.* at 2-3, 5-6, 7-8, 10, 12, 14]. The City removed this action on September 29, 2026, based on the federal claims pled in the Amended Complaint.

## FACTUAL BACKGROUND

The Amended Complaint goes far beyond a short and plain statement of Plaintiffs' claims. Rather than organizing Plaintiffs' theories into discrete claims, the Amended Complaint combines separate incidents involving different Plaintiffs and Defendants, while presenting them under inconsistent count headings. [*See* Doc. 1-1 at 4-14]. For purposes of this Motion, the City identifies and addresses the claims as it reasonably understands them.

Plaintiffs first allege a July 2025 incident between Plaintiff Turner and a Sandoval County deputy as "Incident #1," but do not identify a corresponding count number. [*See id.* at 4]. The Amended Complaint then labels the next section "Incident #2/count 1," initially lists several undated allegations regarding Plaintiff Turner, and, within the same section, shifts to the August 8, 2026 Rio Rancho Police Department ("RRPD") stop, DUI investigation, and arrest of Plaintiff Alderete. [*See id.* at 5-6]. In that discussion, Plaintiffs invoke the Fourth Amendment, Article II, Section 10 of the New Mexico Constitution, the Implied Consent Act, *State v. Gonzales*, and the *Ochoa* test for pretextual traffic stops. [*See id.*]. Plaintiffs do not, however, identify the particular causes of action through which they seek recovery.

---

[1] Because the Amended Complaint does not consistently number its paragraphs or counts, the City cites to the page numbers of the Amended Complaint for ease of reference. *See generally* Am. Compl. at 4–14.

Plaintiffs next identify a May 18 incident involving Turner as "incident #3/Count 3." [*See id.* at 7-9]. Although Plaintiffs initially attribute the challenged conduct to RRPD, they subsequently refer collectively to "defendants" and ultimately "dispute[] defendants['] reasonable suspicion or community caretaker function." [*Id.*] Plaintiffs also interrupt these allegations with a section entitled "Complaint of Manifest Justice," concerning forms and resources available to pro se litigants, before citing *State v. Ryon* in connection with their apparent challenge to the RRPD officers' warrantless conduct. [*See id.*] The Amended Complaint, however, does not identify how the "Complaint of Manifest Justice" relates to liability against the City or under which civil cause of action Plaintiffs seek recovery for the conduct discussed in connection with *Ryon*.

Plaintiffs then shift to "Other Legal Issues," where they invoke the NMTCA and generally reference tort concepts such as duty, breach, and proximate cause. [*See id.* at 9-10]. Plaintiffs continue by citing at least nine state and federal criminal statutes which address, among other things, unlawful imprisonment, tampering with evidence, criminal sexual penetration, harassment, and kidnapping without clearly explaining how those provisions support civil liability against the City. [*See id.* at 10-12, 14].

The Amended Complaint then returns to "[Count 2]" for allegations concerning Alderete's detention at the Sandoval County jail. [*See id.* at 11]. Plaintiffs attribute the allegedly unlawful continued detention to the "County of Sandoval," but also allege that "RRPD and County of Sandoval jail took no disciplinary action." [*See id.*]. The pleading does not identify what claim, if any, Plaintiffs intend to assert against the City based on the alleged failure to take disciplinary action.

Immediately thereafter, the Amended Complaint returns to "[count 3]" and additional allegations concerning the May 18 incident. [*Id.*] Yet Plaintiffs ultimately collapse these distinct

incidents and governmental actors into the general allegation that "[b]oth defendants are responsible for the civil rights violations committed against the plaintiffs." [*Id.* at 12].

As a result, the Amended Complaint frequently fails to identify which Plaintiff asserts which claim, against which Defendant, arising from which incident, and under what legal theory. The collective references to "plaintiffs" and "defendants," along with the inconsistent count labeling and intertwined factual allegations and legal authorities, obscure the distinctions in Plaintiffs' claims. As a result, the Amended Complaint fails to provide the City with fair notice of claims asserted against it and the basis for those claims.

The Amended Complaint also contains further defects that justify dismissal. Among other things, Plaintiffs fail to adequately plead their § 1983 claim; Plaintiff Turner cannot prosecute claims on behalf of Plaintiff Alderete, or vice versa; and Plaintiffs did not timely serve the City with notice of any putative tort claim arising from the May 18 incident.

For these reasons, discussed further below, the City respectfully requests dismissal of Plaintiffs' claims against it. For any pleading deficiencies that are curable by amendment, the City requests dismissal of those claims without prejudice. To the extent any claims remain, the City requests that each Plaintiff be required to prosecute only his own claims, personally or through licensed counsel. Alternatively, to the extent claims arising from separate incidents remain, the City requests that those claims be bifurcated pursuant to Rule 42(b) to avoid prejudice and confusion and promote judicial efficiency.

## LEGAL STANDARDS

### a. Rule 12(b)(6) and Rule 8

To avoid dismissal under Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2);

12(b)(6). This requires sufficient factual allegations that, when taken as true, "state a claim to relief that is plausible on its face." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Mere legal conclusions will not satisfy this standard. *See id*. (citing *Twombly*, 550 U.S. at 555).

Similarly, speculative complaints that do not state a plausible claim for relief cannot survive a motion to dismiss. *See Kansas Penn Gaming*, *LLC*, 656 F.3d at 1215. At a minimum, plaintiffs must "nudge [] their claims across the line from conceivable to plausible" to survive a motion to dismiss and "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (citing *Twombly*, 550 U.S. at 570).

This plausibility standard ensures fair notice to Defendants of the claims against them and the grounds upon which the claims rest. *See Robbins v. Okla. ex rel. Dep't of Human Servs*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 555 n. 3). Whether fair notice has been given depends on the context of the case. *See id.* at 1248-1250. As the Tenth Circuit explained, a straightforward negligence claim may require relatively few factual allegations, while a § 1983 claim involving multiple government actors presents a different problem. *See id*. at 1249-1250. For the latter situation, the complaint must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him

or her." *Id*. at 1250 (citing *Twombly* 550 U.S. at 565 n.10) (emphasis in original). Accordingly, allegations directed collectively to "defendants", without distinguishing the conduct attributable to each defendant, fail to provide the adequate notice required by Rule 8. *See id*.

**b. Rule 12(b)(1)**

Rule 12(b)(1) permits dismissal for lack of subject-matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). In *Gallegos*, the United States District Court for the District of New Mexico held that the NMTCA's notice requirement is jurisdictional and therefore must be considered under Rule 12(b)(1). *See Gallegos v. Bernalillo County Board of County Commissioners*, 278 F. Supp. 3d 1245, 1273-74 (D.N.M. 2017). A Rule 12(b)(1) challenge may take either a facial or factual form. *See id.* at 1258–59. A facial attack challenges the sufficiency of the complaint's jurisdictional allegations, which the Court accepts as true. *See id.* A factual attack challenges the jurisdictional facts themselves and permits the Court to consider evidence outside the pleadings without converting the motion into one for summary judgment. *See id.*

Under the NMTCA, no action against a local public body for which immunity has been waived may be maintained, and "no court shall have jurisdiction" to consider such an action, unless the statutory notice was provided or "the governmental entity had actual notice of the occurrence." NMSA 1978, § 41-4-16(B). As *Gallegos* set forth, "[b]ecause the notice requirement is jurisdictional, the Court must determine whether it has jurisdiction under rule 12(b)(1)." 278 F. Supp. 3d at 1273.

**c. 28 U.S.C. § 1654**

Under 28 U.S.C. § 1654, parties in federal court "may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. The right of self-representation, however, is personal and does not authorize a non-attorney litigant to represent another party. In *Meeker*, the Tenth

Circuit held that although a pro se plaintiff had the right to appear on his own behalf, he did not have the right to represent other plaintiffs. *See Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986). Accordingly, the Tenth Circuit did not address the appeal of the plaintiffs impermissibly represented by the pro se plaintiff. *See id.*

**d. Rule 42(b)**

Federal Rule of Civil Procedure 42(b) provides that, "[f]or convenience, to avoid prejudice, or to expedite and economize," a court may order a separate trial of one or more separate issues or claims. FED. R. CIV. P. 42(b). In ordering separate trials, the Court must preserve any federal right to a jury trial. *See id.* In determining whether bifurcation is appropriate, courts consider whether separate trials would further convenience and economy, whether the issues are sufficiently separable, and whether bifurcation would avoid unfair prejudice. *See Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964–65 (10th Cir. 1993).

## ARGUMENT

**I. The Amended Complaint conflates multiple theories of liability involving several separate incidents, two Plaintiffs, and two Defendants without clearly identifying the legal basis for each claim and therefore should be dismissed for failing to provide adequate fair notice.**

**a. Plaintiffs fail to clearly identify who allegedly did what to whom or the legal basis for each claim.**

As demonstrated above, the problem with the Amended Complaint is not simply that Plaintiffs have imperfectly labeled otherwise discernible causes of action. Plaintiffs intermingle separate incidents, individuals, and state and federal authorities without consistently connecting those authorities to their particular claims. [*See* Doc 1-1 at 4-14].

Those deficiencies prevent the City from determining the claims it must actually defend. Granted, the City can reasonably discern that certain allegations concern Turner's May 18th

encounter with RRPD and others concern Alderete's August 8th stop and arrest. But the Amended Complaint does not make clear the statutory or constitutional causes of action for Plaintiffs' claims. Nor does Plaintiffs' ultimate allegation that "[b]oth defendants are responsible for the civil rights violations committed against the plaintiffs" resolve which Defendant allegedly violated which Plaintiff's rights, during which incident, or under which legal theory. [*See id.* at 12.]

This issue was addressed in *Robbins*, which held that plaintiffs asserting civil rights claims involving multiple governmental actors, must make clear who allegedly did what to whom. *See Robbins*, 519 F.3d at 1250. That requirement is not satisfied by dispersing factual allegations and potentially relevant legal authorities throughout the Amended Complaint while leaving the City and the Court to determine which combinations of facts and law form Plaintiffs' intended causes of action. Rule 8 places the burden on Plaintiffs to provide fair notice of their claims, not on the City to reconstruct those claims from the pleading. *See* FED. R. CIV. P. 8(a)(2).

Accordingly, the Amended Complaint should be dismissed under Rule 12(b)(6) for failure to provide fair notice of the claims asserted against the City. To the extent the Court allows amendment, Plaintiffs should, at minimum, be required to separately identify each cause of action, the Plaintiff asserting it, the Defendant against whom it is asserted, the incident giving rise to the claim, the individual state actors involved, and the legal basis for the claim.

**b. Plaintiffs fail to state a § 1983 claim against the City.**

To state a § 1983 claim against a municipality, Plaintiffs must plausibly allege (1) an underlying constitutional violation; (2) the existence of a municipal policy or custom; and (3) a direct causal link between the policy or custom and the alleged injury. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 694 (1978); *see also Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir.

1996). A municipality cannot be held liable under § 1983 solely because one of its employees allegedly committed a constitutional violation. *See Monell*, 436 U.S. at 691.

Even assuming *arguendo* that Plaintiffs sufficiently alleged an underlying constitutional violation, the Amended Complaint does not plausibly set forth the remaining requirements for § 1983 liability against the City. As discussed above, Plaintiffs allege various acts by RRPD officers and ultimately conclude that "[b]oth defendants are responsible for the civil rights violations committed against the plaintiffs." [*See* Doc 1-1 at 5-12]. But Plaintiffs do not identify any City policy or custom that allegedly caused those violations, much less allege a direct causal connection between such a policy or custom and either Plaintiff's alleged injury as giving rise to their § 1983 claim. [*See id.* at 1-15]; *see also Monell*, 436 U.S. at 691.

Because Plaintiffs fail to plausibly allege a municipal policy or custom that caused an alleged constitutional deprivation, their § 1983 claim against the City must be dismissed.

**c. Plaintiffs fail to identify a cognizable basis for civil recovery under the criminal statutes cited in the Amended Complaint.**

Plaintiffs invoke the NMTCA and generally allege "[t]ort law duty, breach of duty, and proximate cause" and that "[b]oth defendants had a duty to perform (laws herein and integrity), and acted in criminal negligence." [*See* Doc 1-1 at 9]. Plaintiffs then cite numerous state and federal criminal statutes without explaining whether those statutes are asserted as independent causes of action or in support of another civil theory of liability. [*See id.* at 10-14].

To the extent Plaintiffs seek civil recovery under those criminal statutes, they identify no statutory basis for doing so. In *Eisert*, the New Mexico Court of Appeals did not recognize a private cause of action under a criminal statute that contained no express language creating one. *See Eisert v. Archdiocese of Santa Fe*, 2009-NMCA-042, ¶¶ 29-30, 146 N.M. 179, 207 P.3d 1156. Therefore,

the mere citation of a criminal statute does not itself establish an independent civil cause of action. Plaintiffs also fail to identify a civil basis of recovery arising under the criminal statutes.

Accordingly, to the extent Plaintiffs seek to recover directly under criminal statutes that provide no private right of action, those claims should be dismissed. To the extent Plaintiffs instead seek recovery under some other state law theory, they must provide fair notice of the corresponding state cause of action.

**II. Plaintiffs failed to timely serve the City with notice of any putative tort claims arising from the May 18 incident, thereby warranting dismissal of those claims under the NMTCA.**

The NMTCA requires an individual claiming damages against a municipality to provide the mayor, within ninety days of the occurrence giving rise to the claim, written notice stating, "the time, place and circumstances of the loss or injury." NMSA 1978, § 41-4-16(A). The Act further provides that no action against a local public body for which immunity has been waived may be maintained and no court shall have jurisdiction over any suit against a municipality unless the required notice was given or "the governmental entity had actual notice of the occurrence." *Id.* § 41-4-16(B).

Here, Plaintiffs invoke the NMTCA but failed to provide the City with the notice required by § 41-4-16 concerning any putative tort claims arising from the May 18 incident. The ninety-day period for providing written notice concerning the May 18 incident expired on August 17, 2026. Accordingly, to the degree that Plaintiffs assert NMTCA claims against the City arising from the May 18 incident, those claims must be dismissed under Rule 12(b)(1). *See Gallegos*, 278 F. Supp. 3d at 1273-76.

**III. Neither pro se Plaintiff may prosecute claims belonging to the other.**

Should this Court allow Plaintiffs' claims to proceed, Turner may prosecute his own claims, and Alderete may prosecute his own claims. Neither Plaintiff, however, may proceed pro se on behalf of the other. *See* 28 U.S.C. § 1654; *see also Meeker*, 782 F.2d at 154.

The City raises this distinction because the Amended Complaint often shifts between "Plaintiff (1)," "Plaintiff (2)," and "plaintiffs" collectively, even within certain counts that address separate incidents. [*See* Doc 1-1 at 5-6, 7-9, 11-12]. It is, therefore, unclear if Plaintiffs are prosecuting claims on each other's behalf.

To the extent either Plaintiff attempts to prosecute or advocate claims belonging to the other, § 1654 does not allow him to do so. Plaintiffs must bring their claims separately.

## IV. Alternatively, claims arising from separate incidents should be bifurcated.

If the Court permits claims arising from the separate incidents to proceed, those claims must be bifurcated pursuant to Rule 42(b). As explained above, Plaintiffs' claims present several distinctions. Trying those claims together would unnecessarily blur the factual and legal issues presented by each incident and confuse the jury. By contrast, separate trials would allow the parties and the Court to address each incident on its own facts and applicable legal theories while reducing the potential for confusion and prejudice. Since the incidents are factually distinct, the issues are sufficiently separable, and separate trials would promote convenience and judicial economy while avoiding prejudice, bifurcation is appropriate under Rule 42(b). *See Angelo*, 11 F.3d at 964–65.

## CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court dismiss Plaintiffs' claims against it. Specifically, the City requests dismissal with prejudice of any NMTCA claims arising from the May 18 incident for lack of jurisdiction; and dismissal without prejudice of Plaintiffs' remaining claims, including their putative § 1983, NMCRA, and remaining tort claims,

for failure to provide adequate fair notice, to the extent the underlying pleading deficiencies may be cured through amendment.

The City further requests that, should any claims survive dismissal, the Court require each Plaintiff to prosecute only his own claims, personally or through licensed counsel.

Alternatively, if the Court permits any claims from separate incidents to proceed, the City requests that those claims be bifurcated to avoid prejudice and confusion and promote judicial efficiency.

Respectfully submitted,

MYNATT SPRINGER P.C.

Shelton J. Cotton

ALAN J. DAHL
New Mexico Bar No. 148072
SHELTON J. COTTON
New Mexico Bar No. 161402
P.O. Box 2699
Las Cruces, NM 88004-2699
(575) 524-8812
ajd@mynattspringer.com
sjc@mynattspringer.com
*Attorneys for Defendant City of Rio Rancho*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of October 2026, a true and correct copy of the foregoing was served on the following via the CMECF File and Serve System, electronic mail and U.S. Mail:

Wesley Turner
Malachi Alderete
4990 Foxmoore Drive NE
Rio Rancho, NM 87144
*Pro se Plaintiffs*

Brandon Huss
bhuss@nmcounties.org
David Roman
droman@nmcounties.org
Bree Barnett
bbarnett@nmcounties.org
Adolfo Mendez

amendez@nmcounties.org
*Attorneys for Defendant County of Sandoval*

Shelton J. Cotton

ALAN J. DAHL
SHELTON J. COTTON