FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
OCT 16 2026
ERIK PALTROW
CLERK

**UNITED STATES DISTRICT COURT**

for the

District of New Mexico

Wesley Turner
Malachi Alderete
Plaintiffs

V

City of Rio Rancho
County of Sandoval

Defendants

Civil Action No. 26-cv-03220-JMR-GJF

Trail by Jury is requested

# Complaint for Violation of Civil Rights (Non–Prisoner Complaint)

1.

Comes now the chief plaintiffs, Wesley Turner and Malachi Alderete, pray the court hear this case against City of Rio Rancho and County of Sandoval. The primary need for the updated complaint is US District Court approved defendants movant from District court State of New Mexico to US District court. Counts have been updated without change of claims and to remit only facts, constitutional civil rights concerns, and the consideration of laws now under purview of the federal court. The court must treat all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Complaint contains enough factual allegations to make your claims plausible on their face

**I.**

A. The plaintiffs

Name: Wesley Turner
Address: 4990 Foxmoore Dr NE

Rio Rancho, NM 87144
Sandoval County
Mailing address
7820 Enchanted hills blvd Ne
Ste A / PMB 283
Rio Rancho, NM 87144
505 620 2522
gamewoodus@gmail.com

Malachi Alderete
4990 Foxmoore Dr NE
Rio Rancho, NM 87144
Sandoval County

Mailing
7820 Enchanted hills blvd Ne
Ste A / PMB 283
Rio Rancho, NM 87144

505 420 2363
mastermvblack21@gmail.com

**B. The Defendant(s)**

**Defendant No. 1**

**Name**
City of Rio rancho
3200 Civic Center Circle NE
Rio Rancho, NM 87144

Sandoval County

**Official capacity**

**Telephone Number unknown**

**Attorney For:**

Mynatt Springer P.C.
1660 Hickory Loop, Las Cruces, NM 88005
P.O. Box 2699, Las Cruces, NM 88004
Main: (575) 524-8812 | Direct: (575) 222-4411 | Fax: (575) 524-0726

**Defendant No. 2**

**Name**
County of Sandoval
1500 Idalia Road, Building D,
Bernalillo, NM 87004
Sandoval County

Mailing:

P.O. Box 40,
Bernalillo, NM 87004.
**Official capacity**

**Telephone Number unknown**

2.

Parties entitled to notification

| Name | Address / Contact | reason |
|---|---|---|
| PUGH, RICHARD BENJAMIN | Attorney for Plaintiff 2<br>*518 Slate Street NorthWest*.<br>Albuquerque, NM 87102-0562<br>Phone Number:<br><br>(505) 766-9667 | Associated case<br>D-1329-CV-202601756 |
| DAHL ALAN JEFFERSON | Mynatt Springer P. C.<br><br>1660 Hickory Loop<br>Las Cruces, New Mexico<br>88004<br>575.524.8812 f. 575.524.0726<br>sjc@mynattspringer.com<br>ajd@mynattspringer.com,<br>am@mynattspringer.com | Attorney for defendant:<br><br>CoRR |
| BRANDON HUSS<br><br>MENDEZ, ADOLFO J. | *8500 Menaul Blvd NE Ste A200, Albuquerque, NM, 87112-3500*<br>am@whmlawfirm.com,<br>aw@whmlawfirm.com, | Attorney for defendant,<br><br>CoS |

| Following have been added to email notices and the plaintiffs acknowledge only emailed copies to the above parties unless requested in writing for email copies. | | |
|---|---|---|
| David Anthony Roman<br>Bree Kathlene Barnett | *droman@nmcounties.org*,<br>*bbarnett@nmcounties.org* | Courtesy copies via email until ordered as "*entitled to*" Assuming CoS legal, only emails available |

## II. Basis for Jurisdiction

1.

**Proper court**:

2.

The defendants has made the argument that the case is proper in the federal setting rather than the state setting regarding judgements as originally submitted. On initial filing, plaintiffs argument was based on the judgement diversity of the SoNM district courts. All plaintiffs and defendants reside/exist in the US Court District of New Mexico. Given the defendants motion, accepted, the only remedies can be financial remedies rather than desired protections and remedies possible in SoNM district court.

3.

"A. Under 42 U.S.C. § 1983, …" deprivation of any rights, privileges, or immunities secured by the Constitution and federal laws]" " Defendants so motioned and made action is this court. Plaintiff understands that RRPD and Sheriff department are armed agents acting under color of the law and operate per the defendants.

4.

"B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983 the federal constitutional or statutory right(s) is/are being violated by state or local officials so claimed and defendants so state as cause of this case

- 4th Amendment

  Manuel v. City of Joliet (2017), United States v. Mendenhall, 446 U.S. 544, 554 (1980) defendant 1 and 2 against plaintiff 1 and 2.

  *Caniglia v. Strom* (593 U.S. 194) (2021) defendant 1 against plaintiff 1
- 5th Amendment - due process against Federal finding a basis to harm plaintiffs. Issues arise from defendant moving case from state to federal setting.
- 14th amendment –
  - Mapp v. Ohio, 367 U.S. 643 (1961). [1]
  - Miranda v. Arizona, 384 U.S. 436 (1966)

5.

"D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law.

6.

Agents of the defendants acting in a law enforcement role did act on unsubstantiated, baseless accusations, and without Reasonable Articulable Suspicion (ref Terry v. Ohio | 392 U.S. 1 (1968)). Rio Rancho agents of Def 1 did in fact ignore protections for citizens by false arrest, false imprisonment, unlawful detainment, and destruction of property on plaintiff 1 and 2.. County of Sandoval (def 2) did in fact falsely imprison plaintiff 2. Both defendants have created a persistent threat of harm, false accusations, and detainment for what plaintiffs can only call targeting. Although, the defendants are not obligated to pursue felonies acted on the plaintiffs, the defendants act effortlessly on false criminal complaints of 3rd parties. Plaintiffs so sate that a persistent threat to life, liberty, and limb <u>exists</u> and that further escalation is a matter of time.

**III. Statement of Claim**

1.

Plaintiffs hold that the submission date for the complaint is the original complaint made in District Court, State of New Mexico. The first complaint was denied by state clerks on or about 17 August 2026 as not conforming to the 45 page packet. The primal complaint filed 21 Aug 2026 limited to the fill in the blank forms. The amended complaint with a professional content filed on or about 29 Aug 2026. Although the case move to US District court was reportedly timely, the defendants has not answered the complaint in regards to state nor federal statute, constitution protection of civil rights, or the federal statute for felonies to be investigated. under SoNM District court *Rule 1-004(B)(2) NMRA and Rule 1-012 NMRA*

2.

Subrogation statement: USAA underwrites comprehensive coverage on the vehicle in question. USAA has made an initial partial payment for repairs of $1421.34. The repairs have

not been accomplished and the funds are kept separate pending judgement in this case. Plaintiffs believe that the vehicle has sustained total damage (exceeding value) and thus remains as an attached issue awaiting decision or settlement. So far USAA has refused to send legal representative information. Plaintiffs want to avoid the perception of double dipping.

3. Narrative

Of major concern of civil rights violations – unreasonable suspicious suspicion comes from 1) going or returning from work, 2) making a left turn on Unser going north bound, 3) a flat tire, 4) following anyone's criminal intent and physical harm against the plaintiffs, and 5) persons sleeping and peacefully existing creates, falsely, a pretext for imprisonment.

4.

(Incident #1 15th unlawful stop). [in support of count 5] On or about 2100 hrs July 2025, a Sandoval Deputy (def 2) made an unlawful stop. The deputy had lost all self-control, no name tag, zipper covered the camera. Plaintiff made sure to ask for a supervisor, as the deputy made 3 lanes changes and 4 major speed changes prior to tailgating the plaintiff(1) and was thought to be drunk. Deputy made the approach with a flurry of interrogation like questions. The plaintiff made the mistake that truth was acceptable and when the deputy asked where plaintiff's prior location. Plaintiff stated "bible study" which was indeed true. The deputy upon hearing that forcibly removed the plaintiff from the car and performed a body search which included a groin shot-assault. The deputy added that is the way "he does all of his stops". It is entirely plausible that def 2, after receiving written complaint, remains responsible for civil rights complaint based on religious trigger for "cop rage"

5.

[supporting count 5] Like the previous 14 stops, license/registration/insurance were never

asked for. Three stops were withing 300 yards of the Unser/Southern intersection; with the remaining thirteen stops being between the Brewhouse (bar) and Northern on Unser. Regardless of origination point and destination, these are the locations and thus the belief in a targeted DUI. This does not count any lawful DUI/DWI check points. It is plausible that the defendants violated civil rights by continuing to use unjustifiable, non-articulable, unreasonable suspicions in hope of getting a conviction.

6.

[Incident #2/count 1]

On or about the 0200 hrs 8 Aug 2026, RRPD initiated an unlawful detention following the Plaintiff(2) driver with a flat tire into McDonalds. The flat tire and going to work were the only things the plaintiff did wrong, but acted according to NM drivers handbook. Exhibit 9 will show…according to The RRPD, plaintiff was NOT going to work, WAS DRUNK, THEN High from drugs , THEN settled intoxicated from pills. At this point plaintiffs in belief of threat by armed person RRPD Sgt, "R" continuing lies, decided with procedural support from defendant 1 and 2 to force an arrest with a breathalyzer Blood Alcohol content test. Plaintiff 2 submitted to a BAC when not under threat of violent dishonesty. bodily harm and kidnapping.

7.

It is a matter for the defendants to show how a road side blood alcohol test was part of the investigation for intoxication from "pills". Exhibit 9 will shows the record then that according to RRPD, that the 'smell of alcohol on the plaintiff's breath and smell of alcohol in the car were the probable cause for the arrest. No person while being unlawfully detained should have anything forced into their oral cavity. under Rule 1-004(B)(2) NMRA and Rule 1-012 NMRA not answered

8.

[Count 2] Sandoval County jail report 0.000% BAC and no other substances. Sandoval county jail cameras will show the plaintiff reacting to kidnapping, false arrest on falsified investigation, and attempt to criminally penetrate the plaintiff with the sergeant phallic symbol, with minimal protest. The defendant "County of Sandoval" did so unlawfully held the plaintiff (2) despite having the evidence in hand. As plaintiffs understand, RRPD and County of Sandoval jail took no disciplinary action. Inventory of the vehicle did NOT include 'open containers', or any source of alcohol smell.

9.

In Galanakis v. City of Newton, Iowa (8th Cir. 2025), federal jury award the plaintiff $100,000 for similar if not exact circumstances.

10.

[count 3] on or about 0100 May 18th.

- Misused Community Caretaker / Welfare check as excuse for felony investigation or 'death by cop' (exh 7)
- In fact crossed the threshold by opening outer door and attempting/breaking the inner door handle. The act exceeded knocking or door bell.
- Detained plaintiff(1) and wife until interrogation was complete
- Refused to pursue false felony claims made against plaintiff(1)
- Refused to pursue harassment complaint pursuant to the effect on a 87 YO great-grand-mother and disabled Domestic Violence survivor from on verbal compliant to RRPD def (2)

11.

Background on incident #3 and in support of count #5] for which both defendants had knowledge of or should have added to the targeted home notes. After her child had verbally abused K. Kaminski (a disabled person whose attacker was not arraigned), plaintiff approached the child's guardian Shannon Goodwin. S, Goodwin then proceeded to defend the child stating that her and the child can abuse K. Kaminski anyway they want to. Specifically told "to let it happen". This is violation of 47 USC 223. Plaintiff(1) owns the phone lines for which the harassment occurred. NMSA 1978, § 30-3A-2, criminal harassment is defined as knowingly pursuing a pattern of conduct intended to annoy. Defendants have found that the state law is not defensible and now bring complaint in federal court.

12.

[incident #4/Count 3]: On or about 0100 May 18th, RRPD (def 1) under direction of S. Goodwin, made possible through the harassment of an 87yo grandmother, attempted to enter the home of the plaintiff. This follows prior and that night kidnaping verbal statements. Plaintiff called testifying to both defendants emergency lines that S. Goodwin had made verbal threats to send armed persons to the home (~2245 hrs). Plaintiff then told defendants that they (plaintiff(1) and K. Kaminski – victims of harassment, would be taking medications. Plaintiff 1 and wife made the call to attempt to thwart violence. At 2230 - 2300hrs the phone was turned off due to incessant harassment calls and texts. (~0100hrs ) RRPD (def 1) responded in violent support of S. Goodwin. Officers/agents of RRPD forcibly moved the security gate pushing it into the rocks, damaged the door handle trying to open the main door but it was locked preventing their entry. When plaintiff(1) RRPD lied that it was a welfare check and not under exigent circumstances the plaintiff knew that S. Goodwin had convinced them in a effort to "homicide by cop".

13.

Count 4 (per rule 37, **5 U.S.C. § 552** , …) Defendants have refused to cooperate in providing and the plaintiffs so again articulate "*will likely have evidentiary support after a reasonable opportunity for further investigation or discovery*" (federal civil case instructions):

Body cam footage 5 minutes prior through arrest on count 1 ,2

All police cruisers video camera for count 1 and 2.

emergency number and non emergency calls (3) concerning date/time of count 3

Body camera footage of count 3 five minutes prior through RRPD leaving the scene

Reasonable articulation of emergency situation in count 3 with articulation of the need to establish shooting lines into the door, and temporary blinding plaintiff 1

14.

Count 5. As referenced in above paragraphs per US Supreme court case *Counterman v. Colorado*, 600 U.S. 66 (2023) the acts of the defendants: Evidence "establish[es] that a statement[s] is a "true threat" unprotected by the First Amendment, the state [defendants 1 and 2] must prove that [agents of the defendants] had some subjective understanding of the statements' threatening nature," Thus either the defendants had unlawful detainment / arrest violence or were unable to understand state and federal stature in their day-to-day execution of duties.

**IV Constitutional Departure of the Defendants**

1.

The defendants have a duty under SCHUSTER v New Mexico et al. (2012) [bold in source] para II. .B THE ARREST AND UNDERLYING POLICE ACTIVITY MUST BE CONSTITUTIONAL TO SUPPORT THE REVOCATION OF A DRIVER'S LICENSE UNDER THE IMPLIED CONSENT ACT. {18}

2.

Further the defendants have a duty under State v. Gonzales, 2011-NMSC-012, ¶ 12, 150 N.M. 74, 257 P.3d 894 (citing Ochoa, 2009-NMCA-002, ¶ 40) (the Ochoa test) establishes 3 steps to prove there was an unlawful pretext 1) reasonable suspicion to stop the motorist.[facts support flat tire]. If the State fails in its burden, the stop is unconstitutional. 2) plaintiff(2) establish that the seizure was unreasonable by proving that the totality of the circumstances indicates the officer had an unrelated motive to stop the motorist that was not supported by reasonable suspicion. [RRPD yelled out different accusations believing himself, plaintiff(2) passes road side DUI check, RRPD noted flat tire, final accusation of pills] the stop is NOT constitutional. 3) and the State [the defendants] must prove that the totality of the circumstances supports the conclusion that the officer who made the stop would have done so even without the unrelated motive. Plaintiffs can only project a greater concern over the motive being a punishment for going/returning to work or other nefarious and is a continual threat. Defendants whose responsibility to operate under case law choose to not to abide and thus unlawful.

3.

Differences under Whren v. United States. In a federal standing, the constitutional role does not require the motives of the officer to be a question, whereas the state case law does so state. In this setting, regarding the flat tire, per NM drivers handbook directs the driver to leave the road way immediately. Further, once the flat tire had been determined, the stop no longer has constitutional standing. Agents of the defendant1 choose to create false allegations of drug use and driving under the influence of alcohol on plaintiff2.

4.

Typically the application of due process / Whren and Miranda prohibits further

prosecution, inclusion of associated case. However, it was only the start of actions made by the defendants against the plaintiffs and their family.

5.

Where application of Whren in this matter would prohibit prosecution of 'found" evidence for criminal code violation, in this case the issue is the plaintiffs alleged "cop rage". The "cop rage" in counts above is the violation of rights enumerated above. Had Whren been a factor in the defendant policing processes, no "cop rage' could have occurred. The violation, plaintiff believes, then allowed agents to create false statements to FORCE the derogatory legal action, excess force, false arrest, false imprisonment, and false record concerning the plaintiffs.

## IV. Injuries

At this time the plaintiffs claim mental health injury due to "death by cop", destruction of property, harassment for going to work, harassment after reasonable hours while medicated. The mental harm extends further as plaintiff has survived Uganda displaced hordes, Somalia pirates, Taliban, Al Queda … all without never being under threat of armed persons. Yet, the plaintiffs suffer from excesses of armed persons under the defendants.

1.

Financial losses are increasing but include loss of work income from both plaintiffs, transportation costs (as harassed) going to work in 3rd shift, permanent loss level damage to plaintiff (1) property.

2.

The defendants have raised concern blocking a just injunction to reduce costs for the associated case resulting in est. $76 dollars per day for plaintiff (2).

**WHEREFORE the plaintiff prays for the following remedies**

1. Court to order the defendants pay the minimum amount of $75,000 for each of 5 counts.

## VI. Certification and Closing

1.

Under Federal Rule of Civil Procedure 11, by signing below, we certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

2.

We agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

3.

Given past 45 to 60 day mailing cycles from USDC/district of New Mexico delivery through US Mail, plaintiffs ask that the case is posted on Pacer and the emails used for notifications. Currently **NO** case data is posted on PACER nor has been served except via mail. Email notifications **have been** received so far. Plaintiff do not have access to Em/ECF(?) database and deny proper service stemming from EM/ECF posting.

Date of Signing ____________ Date of Signing ____________

Signature ____________________ Signature ____________________

Wesley Turner Malachi Alderete

I certify that the complaint and reference have been mailed to the addresses above or as requested (waived to email) by parties.

Date of Signing ____________ Signature ____________________

Wesley Turner
7820 Enchanted Hill blvd NE
Ste A/ PMB 283
Rio Rancho, NM 87144

Reference 1

'State courts have concurrent jurisdiction over many federal claims unless Congress provides otherwise: 42 U.S.C. § 1983 is a federal statute that allows individuals to sue state and local government officials, including police officers, for violating their constitutional rights. Which requires: Under color of law: The defendants used their certifications, powers, threat and delivery of violence to effect/used their official government authority to commit the wrongful act. Constitutional violation: The officer's actions broke rights protected by the U.S. Constitution

New Mexico civil rights violations

NM Stat § 41-4A-3 (2025)

1) A public body or person acting on behalf of, under color of or within the course and scope of the authority of a public body shall not subject or cause to be subjected any resident of New Mexico or person within the state to deprivation of any <u>rights, privileges or immunities secured pursuant to the bill of rights of the constitution of New Mexico</u>.

[Plaintiffs]…may maintain an action to establish liability and recover actual damages and equitable or injunctive relief in any <u>New Mexico district court. (exh 4)</u>

Claims brought pursuant to the New Mexico Civil Rights Act shall be brought <u>exclusively against a public body</u>. Any public body named in an action filed pursuant to the New Mexico Civil Rights Act shall be held liable for conduct of individuals acting on behalf of, under color of or within the course and scope of the authority of the public body. Thus requiring a state district court.

Thus the defendants are the proper defendants.

## Enumeration of deprivation of rights:

1) NM Const art II § 4 : *All persons are born equally free, and have certain natural, inherent and inalienable rights, among which are the rights of enjoying and defending life and liberty, of acquiring, possessing and protecting property, and of seeking and obtaining safety and happiness*. The resultant destruction of property and the implied position of the defendants (exh 4).
2) NM Const art II § 7 : *The privilege of the writ of habeas corpus shall never be suspended, ...* No evidence exists to justify the agents of the defendants. Count 2.
3) NM Const art II § 10 : *The people shall be secure in their persons, papers, homes and effects, from unreasonable searches and seizures, and no warrant to search any place, or seize any person or thing, shall issue without describing the place to be searched, or the persons or things to be seized, nor without a written showing of probable cause, supported by oath or affirmation*. Welfare checks/community caretaker s not a reasonable protection of the defendants to perform searches. Count 2.
4) NM Const art II § 18 (1973): *No person shall be deprived of life, liberty or property without due process of law; nor shall any person be denied equal protection of the laws*. The combination of escalating events as plaintiff speaks in affidavit, not even circumstantial evidence and indica of Cruel and Unusual Punishment under U.S. Const. art. I, § 8). Counts 1 & 2. Incidents added for escalation.

Reference 2

STATE OF NEW MEXICO

COUNTY OF Sandoval

THIRTENTH JUDICIAL DISTRICT

No. D-1329-CV-202601756
Hon. Martinez, Allison P.

Wesley Turner and

Malichi Alderete, Plaintiff

v.

City Of Rio Rancho, and

County of Sandoval, Defendant

Answer to Motion to Dismiss

1.

The plaintiffs request the court to deny the motion to dismiss the case against County of Sandoval.

2.

An unfortunate timing error has occurred between the defendant's motion to dismiss and the amended complaint. We believe additional time should be given so that the defendant can form a basis for their response. 30 days maybe sufficient but it is ultimately to the court's judgement.

3.

[count 2] Specifically the county operated the facility for which plaintiff(2) was falsely imprisoned. In operation, the facility has no other way to treat a civilian but to lock with truly inebriated. Unlike any other criminal detention, Sandoval County had proof in hand (only DUI at time of arrest) of 0.000% intoxication and therefore had the immediate responsibility to cease unlawful imprisonment.

4.

[count 1] It is unclear whether Sandoval County managed Public Safety Emergency Communications Center or the city of Rio Rancho operated Rio Rancho Emergency Communications Center handled the calls leading to detainment of plaintiff (1). Given claims of persistent nature the court should hear this answer as their Response to the Amended Complaint.

5.

Per rule 1-011 Our signature here indicates that: We have read the motion and to best of my knowledge, information and belief, there is good ground to support it, and I am not using to motion to delay the case. The signatures also indicate signature on Affidavit as to facts.

_______________
Date Signed

Wesley Turner

Malachi Alderete

Mailing
7820 Enchanted hills blvd Ne
Ste A / PMB 283
Rio Rancho, NM 87144
Day time number 505 620 2522
Plaintiff(2) 3rd shift 505 420 2363

| | |
|---|---|
| I certify that the Copies of this amended complaint were mailed to defendants.<br>Wesley Turner<br>4990 Foxmoore dr Ne<br>Rio Rancho, nm | |

Exhibit – 1 0.000% ........................................ 21
Exhibit – 2 False Statements ........................................ 22
Exhibit – 3 Inventory missing any source of alcohol, Flat tire ........................................ 23
Exhibit 4 – Estimated Damages (will increase) ........................................ 25
Exhibit 5 – harassment ........................................ 26
Exhibit 6 – Harassing Calls ........................................ 27
Exhibit 7 - Showing RRPD support of a harasser's personal needs, & rides for S. Goodwin guardian not being met by their personal slave. Wife of plaintiff fighting going blind ........................................ 28
Exhibit 7 – Use of RRPD to carryout Harassment ........................................ 29

Exhibit – 1 0.000%



SLD LOANER

Intoxilyzer - Alcohol Analyzer
Model 9000
SN:90-005720
Software Version:9460.05.00
Test Date:08/08/2026
OPERATOR/OFFICER INFORMATION
Operator Last Name:
ROSKOS
Operator First Name:
J
Operator Middle Initial:E
Cert No.: 8163
Agency Code: 29A06

SUBJECT INFORMATION
Subject Last Name:
ALDERETE
Subject First Name:
MALACHI
Subject Middle Initial: J
----- Breath Analysis -----

| Test | g/210L | Time |
|---|---|---|
| Air Blank | 0.000 | [illegible] |
| Diagnostic Test | Pass | [illegible] |
| Air Blank | 0.000 | [illegible] |
| Subject Test 1 | ---* | [illegible] |
| Air Blank | 0.000 | [illegible] |

*No Sample Introduced

Exhibit – 2 False Statements



INFO

DRIVER LICENSE NUMBER: 518486527 | STATE: NM | 06/05/2029 | D

DATE OF BIRTH: 04/21/2004 | AGE: 22 | SEX: M | HEIGHT: 5' 08" | WEIGHT: 125

VEH

LICENSE PLATE NUMBER: PMF759 | COLOR: SIL | YEAR: 2018 | MAKE: HOND | MODEL: 4-DOOR | TYPE: PASSENGER

CND

TRAFFIC: LIGHT | WEATHER: CLEAR | ROAD: DRY | LIGHT: DARK

CMV: NO | HZ MT | PASSENGER ( 16 OR MORE )

CITATION

THE ABOVE NAMED DEFENDANT IS CHARGED WITH VIOLATING :

☑ 66-8-102 NMSA 1978 ☐ STATUTE OR ORDIN

COMMON NAME OF OFFENSE : Driving Under the influence of Intoxicating Liquor or Drug

ON 08/08/2026 AT 01:16 HRS LOCATION SOUTHERN BLVD/WESTERN H

MILEPOST OR NEAREST INTERSECTION : WESTERN HILLS DR DISTRI

ESSENTIAL FACTS :

VEHICLE MADE WIDE LEFT TURN FROM STRAIGHT ONLY LANE ALMOST CRASHE
OFF. ODOR OF ALCOHOL. SFST'S INDICATED SEVERE IMPAIRMENT

PRINTED OFFICER'S NAME: ROSKOS, JOHN | BLOOD ALCOHOL CONCENTRATION: REFUSAL

OFFICER'S SIGNATURE | I.D.NO: 2212 OFFICER

YOU ARE TO APPEAR IN ☑ MAGISTRATE ☐ METROPOLITAN ☐ MUNICIPAL ☐ OTHER

ADDRESS : BERNALILLO MAGISTRATE
1100 MONTOYA RD

ON OR BEFORE AT

DISTRIBUTION

## Exhibit – 3 Inventory missing any source of alcohol, Flat tire

Missing Empty bottle of plaintiff (1) medication – gabapentin



STATE OF NEW MEXICO
TOW-IN REPORT

RIO RANCHO POLICE DEPARTMENT

DATE 08/08/2026 TIME 01:45 AM

CAD NUMBER 28054152

CASE NUMBER 28006622

Telephone (505) 892-7424

I Hereby Order RIO RANCHO TOWING
Wrecker Company Name

Address 200 INDUSTRIAL PARK LP NE RIO RANCHO NM 87124
Street City ST Zip

To remove from 2109 SOUTHERN BLVD SE
Location

The vehicle listed below for reason: DRIVER ARRESTED FOR DWI

Make HOND License PMF799

Year 2018 VIN SHHFK7H56JU206378

Model 4-DOOR Color BIL State NM Year Lic 2027

Owner 1 Contacted? ☐ Yes ☑ No

Name TURNER WESLEY

7620 ENCHANTED HILLS BLVD STE RIO RANCHO NM
Street City ST Phone

Owner 2 Contacted? ☐ Yes ☐ No

Name

Street City ST Phone

Driver Arrested? ☑ Yes ☐ No

Name ALDERETE MALACHI

809 CALLEJON DE LOS TULIPANES BELEN NM
Street City ST Phone

Vehicle Damage Codes (If any)... SEVERITY CODES: 1 Slight or minor 2 Moderate 3 Severe or Extreme

RIGHT FRONT TIRE DAMAGED AND FLAT. PAINT DAMAGE ON THE RIGHT FRONT PASSENGER DOOR.

Notes

Inventory of Vehicle:

Radar detector ☐ Tape Deck ☐ CD Charger ☐ Phone ☐
Dash cover ☐ Car seat ☐ First aid kit ☐ Glasses ☐
Broadcast Radio ☐ Heater ☐ Spare Tire ☐ Mag Wheels ☐
Seat covers ☐ Spotlight ☐ Lug Wrench ☐ Aux Lights ☐
Garage opener ☐ Jack ☐ Trlr. Hitch ☐ Tool box ☐

Other Contents:
FIT WATCH, TWO BICYCLES, SMALL BLACK IN COLOR KEY LOCK BOX, VAPE PEN IN CENTER CONSOLE, CLOTHES, AND MISC. ITEMS. SEE BWC FOR FURTHER.

EVIDENCE

Hold on Vehicle? ☐ Yes ☐ No Reason

Keys in Vehicle? ☑ Yes ☐ No

WRECKER OPERATOR SIGNATURE

4978 SERG
OFFICER'S SIGNATURE and ID

RELEASE

I, ________, hereby authorize you or your representative to release the above vehicle to

Date Released Time

Officer/Secretary Signature

The Law Enforcement Agency does not regulate the fees charged by the wrecker operators or company. Any inquiries or complaints on these charges or damage done by wrecker operator or company should be made to the State Corporation Commission of New Mexico, P.O. Box 1269, Santa Fe, NM 87504-1269 (505) 827-4511.



Personal Property Intake - ALDERETE, MALACHI JADEN (2507816)

| Item | Qty | Description | Storage Location | Date/Time Received | Reason Received | Entered By |
|---|---|---|---|---|---|---|
| Belt | 1 | BLK | BIN-281 | 8/8/2026 03:12 | | Ayala, Juan |
| Cell Phone | 1 | | BIN-281 | 8/8/2026 03:12 | | Ayala, Juan |
| Jeans | 1 | | BIN-281 | 8/8/2026 03:12 | | Ayala, Juan |
| Shirt | 1 | GREY | BIN-281 | 8/8/2026 03:12 | | Ayala, Juan |
| Shoes | 1 | WHITE | BIN-281 | 8/8/2026 03:12 | | Ayala, Juan |
| Shorts | 1 | GREY | BIN-281 | 8/8/2026 03:12 | | Ayala, Juan |
| Wallet | 1 | BRWN | BIN-281 | 8/8/2026 03:12 | | Ayala, Juan |

I, ALDERETE, MALACHI JADEN, certify that the items listed above are all the personal property that I had in my possesion at the time of admission.

Offender's Signature

Jailer's or Deputy's Signature

Witnessing Officer's Signature

Exhibit 4 – Estimated Damages (will increase)



**Preliminary Estimate**

...mer: Turner, Wesley

...HOND Civic Hatchback EX w/Continuously Variable Transmission 4D H/B 4-1.5L Turbocharged Gasoline Gasoline Direct Injection Lunar Silver

**ESTIMATE TOTALS**

| Category | Basis | | Rate | Cost $ |
|---|---|---|---|---|
| Parts | | | | 1,039.73 |
| Body Labor | 7.2 hrs | @ | $ 82.00 /hr | 590.40 |
| Paint Labor | 8.7 hrs | @ | $ 82.00 /hr | 713.40 |
| Paint Supplies | 8.7 hrs | @ | $ 58.00 /hr | 504.60 |
| Miscellaneous | | | | 34.50 |
| Subtotal | | | | 2,882.63 |
| Sales Tax | $ 2,882.63 | @ | 7.4375 % | 214.40 |
| **Grand Total** | | | | **3,097.03** |

Our shop provides easy and accessible payment plans powered by Sunbit. Scan this QR code to see payment options available to you.



CUSTOMER'S RECEIPT

UNITED STATES POSTAL SERVICE

SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION

NOT NEGOTIABLE

Pay to

Address

Sheriff Service

Serial Number 55291688223

Year, Month, Day 2026-08-13

Post Office 870040

Amount [illegible]50.00

Clerk 04

KEEP THIS RECEIPT FOR YOUR RECORDS

Exhibit 5 – harassment



## Exhibit 6 – Harassing Calls

Phone was turned off 1030 pm (2230hrs)






Exhibit 7 - Showing RRPD support of a harasser's personal needs, & rides for S. Goodwin guardian not being met by their personal slave. Wife of plaintiff fighting going blind















Exhibit 8 – Use of RRPD to carryout Harassment




Both phones turned off at 2300 hrs


9:26
Momma Sha...
to her?!?!?!
Cops are on the way!!!
Where is my daughter
Monday, May 18 • 12:14 PM
I don't want to hear from you Wesley! What you pulled last night is inexcusable!
RCS mes...


9:26
Momma Sha...
RCS chat with Momma
Where is my daughter!!!!????
What did you do to her?!?!?!
Cops are on the way!!!
Where is my daughter
Monday, May 18 • 12:14 PM
RCS mes...


9:27
1
And you also removed me as her alternate email address! Put it back on! I don't know what you think you're doing but you're not helping at all! You are screwing up everything we have set u or
RCS mes...

Exhibit 9 – holding spot for Digital evidence requested

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Wesley Turner
Malachi Alderete

**(b)** County of Residence of First Listed Plaintiff: Sandoval
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

City of Rio Rancho
County of Sandoval

County of Residence of First Listed Defendant: Sandoval
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [x] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
42 U.S.C. § 1983

Brief description of cause:
incidents of false witness, false arrest, false impri

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 450,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*:
JUDGE: Hon. Montano-Baca, Delilah
DOCKET NUMBER: D-1329-CV-202601756

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______