FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 16 2026

ERIK PALTROW
CLERK

**UNITED STATES DISTRICT COURT**

for the

District of New Mexico

Wesley Turner
Malachi Alderete
Plaintiffs

V

City of Rio Rancho
County of Sandoval

Defendants

Civil Action No. 26-cv-03220-JMR-GJF

Trail by Jury is requested

**Cross Motion on Multiple Dismissals, Injunction and Improper Service**

1.

Plaintiffs comes now to this court to answer and request court denies multiple requests for the case to be dismissed, injunction, . This motion will also request the court's assistance to

## *I. Priori and undisputed facts ...plaintiffs demand defendants agree or deny the following*

1.

1) The defendants have/had the duty to perform under law, the protection of citizens, from False claims, False Arrest, False imprisonment, and personal property destruction

2) On 16 (sixteen) occasions now the vehicle in question has been involved in DUI stops that were and are without probable cause. Both defendants. Unanswered complaint.

3) That plaintiff 2 submitted to a BAC test resulting in 0.000% (zero) when not under

unlawful detention. Unanswered Complaint

4) (def 1) That City of Rio Rancho Misused any concept of community caretakers to unlawfully detain Plaintiff 1 while performing a felony investigation

5) Defendant 1 (RRPD) knowing crossed the threshold by opening and prying into position the security door, attempting and damaging the door handle on inner door (breaking), caused biological service animals to act in defense of home for several minutes, used directed energy access the threshold to blind plaintiff 1, caused action by hiding their uniforms, and detained prevented free movement of plaintiff 1, and removed plaintiff 1 wife to outside the homes.

6) Defendant 1 (RRPD) established a kill box on front door. Plaintiff 1 was ready to take the first shots from armed persons

7) …Def 1 (RRPD) Acting to increase and support harassment from a 3rd party.

8) That the minimum Diversity Jurisdiction of this court is $75,000 per incident per person and is so caused by defendants' removal to USDC.

9) The defendants argued US District court is proper jurisdiction.

10) The dismissal motion from County of Sandoval is mute as the county continued to take action on this just case to remove the case to US District court diversion.

11) The defendants agent made, supported, and acted on a false statement as to smell and odor of alcohol in arrest report

12) The defendant 1 stopped plaintiff 2 for DUI only,

13) …made harassing statements concerning drug use

14) … made harassing statements about going to work

Plaintiffs askes the court to order the defendants to answer with concur, deny, or deny

with evidence.

## *II. Answer to motion to produce*

1.

Salient for the proper exaction of this case is the proper execution of Motion to produce. In yet another example of insufficient service defendants filed a motion to Deny the request for key evidence in this case. Plaintiffs have not had the opportunity to review the recordings for exacting regulation of the defendants actions.

2. The list

- The plaintiff continually seek the courts help in gathering:
- Bodycam and footage for counts 1 and 2 with 5 minutes before and through arrest
- Camera footage from
- 911 and non-emergency number calls on count 3 documenting

3.

It is thus logical that HAD the evidence shown plaintiff self-injuring actions, the video and voice records WOULD HAVE BEEN IMMEDIATELY added to the Answer to Complaint and Answer Motion to Produce. instead the defendants askes the court to Deny…in acts of the defendant appropriate logical reasoning.

4.

In phone discussion with the defendant 1 – counsel Mr. Dahl he stated that the motion was "too early" and would later be a part of discovery. **THEN** as the court record shows filed a Motion to Deny the just request for the evidence. The appropriate answer and verbal agreement was to wait. The appropriate answer to Based on the communications motion would be to "stay" the motion until scheduling motion inclusive of discovery or other act of the court.

5.

The plaintiffs believe, relating to human behavior to hide fault, that the action is to falsely set the court on a rule 11 violation, in effect forcing the plaintiffs to pay $$ or other contempt sanction where the defendants actions to hide the evidence is apparent in the denial request. Further, it is an injustice to both deny evidence (motion to produce) and proceed with a rule 56 or other rule dismissal against the plaintiffs for the defendant ability to hide evidence-prohibiting full disclosure to the court.

6.

Plaintiffs have a reasonable suspicion that the Deny Answer to Motions is solely to prejudice the court / discredit the plaintiffs creating a belief in adequate DUI charge, wholly adequate search and seizure, and adequate community caretaker function. (statute reference in complaint) Where the defendants have an assumption of innocence, the plaintiff too have this right in this case; the evidence will show; the defendants denied the basics of deny an information request.

7. Administrative requests

Plaintiffs have requested these records in RRPD complaint, County of Sandoval information request. In lack of scheduling order, plaintiffs codified the request in a motion to protect and then a motion to produce.

## *III. Multiple dismissal statements*

1.

Defendants have filed multiple dismissal motions to this court. Both of these dismissal motions occurred without proper service and the answer herein contains what is available. Both of these dismissal statements concern only the courts dismissal based on required formats and

contents required by both the SoNM 13 district court and this court. Federal Rule of Evidence 402 ;

2. Dismissal #1

County of Sandoval (CoS) filed a dismal statement on 14 Sept 2026. The text is unavailable for review or answer. The action defrauded the plaintiffs an opportunity to respond and against the courts purpose to unjustly suffer rule without the filing: the plaintiffs asks the court to review reference 2 as the plaintiffs must guess. In an attempt to gain a copy of this filing, the SoNM 13th district Clerks responded "what case?. You have no case.".

3. Dismissal #2

At some point the defendants filed an additional complaint after removing the case to Federal setting. The Plaintiffs have no service on this document and so claims insufficient service. The plaintiffs must respond as the court as acted on this document to delay a scheduling hearing…no request from the court on the filing requests plaintiffs to respond. The plaintiffs claims Manifest justice on both removal from state court and the faulty filing of the document. complaint contains enough factual allegations [Counts 1 thru 5, exhibits 1 thru 9] to make your claims plausible [Precedence provided] on their face.

4.

The pro se nature of the plaintiffs allow rule 56 -(4) *Affidavits or Declarations* which were included in compliant. And court instructions "If you are suing under section 1983, explain how each defendant acted under color of state or local law." An affidavit or declaration <u>used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the</u>

matters stated. Plaintiffs request the that court so state that courts (SoNM and US District court) instructions overrule the defendants' call for brevity.

5.

The defendants claim and petition to court that the inclusion of affidavit into the complaint warrants dismissal. Not only do the plaintiffs deny justice served by dismissal, but the complaint certification also includes wording "in affidavit".

6.

The plaintiffs have no control over the length, duration, level of wrong doing, or the list of statutes in violations properly alleged violations of (false) statements, and filings of the defendants. Thus length and severity are solely the fault of the defendants. In Court actions defendants have abandoned Defense on the complaint raised. Where new counts have been added, the counts reflect information on the professional-not hand-written amended complaint and are more properly labeled for this court to rule on. The removal to federal court is the sole cause of 3rd complaint. Plaintiffs request, under rule 15, to make any changes so ordered.

7.

Plaintiffs ask the court to order the defense to list offensive paragraphs that the plaintiffs have to actual opportunity to confer with opposing counsel. The plaintiff has shown that the complaint contains sufficient factual allegations to make the relief plausible on its face (*Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). There are five counts for which the plaintiffs had provided factual information concerning the long behaviors of the defendants against the plaintiff (1). Plaintiffs request for permission to amend the complaint pursuant to Rule 15(a) with exacting corrective actions that do not reduce the facts presented to court.

8.

The defendants so far have only issue with the lack of brevity of the claim. This brevity is against reasonable inference of logical conclusion that the defendants did injure the plaintiffs. The court must treat all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Plaintiffs believe that counsel is misleading the court regarding length of complaint 39 pages; for which 10 pages are for exhibits, 5 pages are for required sections by then SoNM District court rules (and now 4 pages for USDC court rules), and the 20+ pages SoNM District court Pro Se packet. The brevity is only possible with the defendants actually doing less.

## *IV. Rule 5 (b)(5) - Insufficient service*

1.

The defendants have made an intentional act of not delivering dismissal documents to the plaintiffs. The result is response guess as to the dismissal pleadings. The acts precisely are set to delay actions. The impact to the associated case for which the defendants have made motion that they cannot make (listed above and in compliant) legitimate lawful actions to prevent preexisting and foregoing damages/injury to the plaintiffs. Per schedule, the associated case is set for pre-trial containing plaintiffs' alleged defendant false allegations on 27 Oct 2026. Delaying the prior requested injunction (not ruled on in this court) to after this date. The lack of candor illegitimately forces expenditure of SoNM resources, for which the plaintiffs pays taxes into general fund, based on ignoring Exh 1.

2.

Per Rule 8 d 3 (e) Pleadings must be construed so as to do justice. The fact that the pleadings does so blatantly and intentionally, delays proper course of both criminal and civil

actions based on facts. The actions seem to support the need of the defendants to do harm against the plaintiffs [count5] and continue the harassment based on 1st, 4th, and 14th against having a 3rd shift job, dealing with a flat tire (NM drivers manual), expectation of privacy (Katz vs United States 389 Us 347 (1967) while sleeping peacefully and under prescribed medications (where Robinson vs California (1968) can be minorly expanded to protect persons while under prescription in their home peacefully after hours FROM unreasonable search and seizure).

3.

Avoidance of Rule 56 Bad-Faith Affidavits: "Under FRCP Rule 56(h), if an affidavit or declaration is … during summary judgment motions, … is contempt of court."

4.

Under a federal judge's inherent authority to police fraud on the court, a pattern of filing intentionally untruthful motions can result in the ultimate sanction: **terminating the litigation completely** by … entering a default judgment against the deceptive party. The plaintiffs so claim the pleadings for dismissal after Attorney for Defendant 1 stressed the need to settle that matter **THEN** removing the case to federal court.

5.

Failure to State a Claim upon Which Relief Can Be Granted (FRCP 12(b)(6)). Previous Updated amended follows convention of stature, supreme court citation. The plaintiffs have shown where the actions of the defendant has caused loss. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge,

6. Outline of service

Rule 37(b)(1)(B) *Certification.* A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

| Document | **Federal Rule of Civil Procedure 37(a)(1)** | Court Notification | Certificate of Service | Service rule 5 |
|---|---|---|---|---|
| *Intent to remove to federal US district court - letter in SoNM District 13.* | Yes | Email & mailed | Email from Dahl | Email from Dahl |
| 4<br>*Docket Text: CERTIFICATE OF SERVICE by City of Rio Rancho (Dahl, Alan)* | | email | unknwn | unkwn |
| 5<br>*Do*<br>*MOTION to Dismiss Plaintiffs' Amended Civil Complaint by City of Rio Rancho. (Cotton, Shelton)* | No. only concurrence requested | Email. No document attached | Certificate claimed | None |
| :6<br>***Docket Text: RESPONSE to Motion to Protect Evidence (D*** | None | Email | no Certificate Claimed | None |
| | | | | |
| *7 RESPONSE to Motion for Injunction Against State of NM (Doc. 1-2 at 47-48)* | None | None | Certificate Claimed | None |
| *8 RESPONSE to Motion for Production (Doc. 1-2 at 49) re* | None | None | Certificate Claimed | None |

| | | | | |
|---|---|---|---|---|
| *1 NOTICE OF REMOVAL* | Intent given only to plaintiffs.<br><br>Does not include 5,6,7,8 as indicated | | Certificate Claimed | None |
| *9 ORDER FINDING GOOD CAUSE TO DELAY ENTERING A SCHEDULING ORDER* | None; hearing requested | Email; no document | N/A | Within court Rules |

7.

Access to the document requires an investigation rather than receiving service of items presented to the court.

8. 28 CFR § 76.15

"No party or attorney representing a party shall communicate in any instance with the Judge on any matter at issue in a case, unless notice and opportunity has been afforded for the other party to participate." In action, deliberate plaintiffs contend, the motions provided to the court by the defendants intends to hide the content and matters of motions only to be seen by the court and not the plaintiffs. Proof of the one sided communications is that Presiding judges have pre-determined that [Doc #9] ORDER FINDING GOOD CAUSE TO DELAY ENTERING A SCHEDULING ORDER while both motion and order were not served to the plaintiffs.

## *V. Motion for Summary Judgment under Rule 56*

Whereas each violation constitute an individual sanction or adverse action, the plaintiff asks the court not only to review for sanctions but to consider the aggregate nature of defendant motions as grounds for a default judgment against the defendants for the plaintiffs. Given the

minimums required by the federal civil case rules, the plaintiffs ask that the complaint modified for this court remedies sought be considered in judgement.

## *VI. Cross motion for Injunction - COMPLAINT AND REQUEST FOR INJUNCTION*

Adapted from 411

1.

The Parties to This Complaint

A. The Plaintiff(s) – As stated Above

B. The Defendant(s)

Defendant No. 1 – As stated above

Defendant No. 2 – As Stated Above

2. "II". Basis for Jurisdiction

Basis for federal court jurisdiction? (check all that apply)

- Federal question

3. Basis for Jurisdiction Is a Federal Question

specific federal statutes List, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

- 18 USC 1001 and 1621,
- 4th Amendment

1. Plaintiff 2 above

2. The Defendant(s)

A. The Amount in Controversy

. The amount in controversy the amount the plaintiff claims the defendant owes or the amount at stake is more than $75,000, not counting interest and costs of court, because

B.

Per defendant move to federal court the minimal amount claimed is $75,000

Per impact to income and transportation to work $4500 and increase $75 per day.

4. Statement of Claim

False accusations made by Defendant 1 and acted on by Defendant 2

"A. Where did the events giving rise to your claim(s) occur?" – See 3rd Amended complaint.

"B. What date and approximate time did the events giving rise to your claim(s) occur?" - See 3rd Complaint. Early morning hours on or about 8 Aug 2026 to present.

C. What are the facts underlying your claim(s)? - See 3rd amended complaint

5. Irreparable Injury

The primary issue is to reduce the financial and legal claims against the defendants made by the plaintiffs in complaints. In issuance of this injunction the court would enforce laws and constitutional claim, see complaint, that the defendants so far as found no reason to oblige itself to follow IAW 42 USC 1983.

6. Relief

A.

Order the defendants to make adequate pleading (such as Motion to strike) to SoNM District Court Judge Hon. Delilah Montano-Baca, or assigned judge to remove all official statements (oral and written declaration), arrest records/documents, and removal of additional charges brought after first attempt to resolve in SoNM District Court - Civil on or about 17 Aug 2026 in associated case. Specifically, that the "smell and odor of alcohol" versus BAC test did not meet candor to the tribunal.

B.

Order the defendant to prohibit any witness that have already made a false statement under from testifying in associated case OR make adequate pleading to SoNM District Court Judge Hon. Delilah Montano-Baca, or assigned judge that further action of SoNM witnesses would increase the liability of the defendant in this civil action.

C.

Order the defendant 1 to make an adequate pleading (such as Motion to strike) to Hon. Delilah Montano-Baca or proper court, that due to failure of candor to the tribunal that the arrest charge documents should be recused from the probable cause determination.

D.

Order the defendants, that due to failure of candor to the tribunal that office of primary administrative responsibility for drivers license revocation (NM Statue Section 66-5-29 (2025) and Title 18 chapter 19 Part 5) should remove police report(s), arrest document, etc… from consideration.

E.

IF defendants fail to act under federal and NM statute, Court to remove the associated case to federal jurisdiction and under assigned Judge to this case.

F.

The court to order the defendants refrain from any interaction with the plaintiffs during this court action relying on state police if needed.

*VII. Remedies Sought*

1. The court to order no sanctions against the plaintiffs as video and voice evidence is withheld
2. Court to order the defendants to answer with concur, deny, or deny with evidence on

statement of facts section.

3. Court to in written Order Deny multiple dismissal motions
4. Court to Order the defendants answer Concur or not concur to priori section
5. Court to Order Motion for Summary judgment under Rule 56 section
6. Court to Order the injunctions listed in injunction section
7. The court to order the defendants refrain from any interaction with the plaintiffs during this court action relying on state police if needed.
8. The court order discovery to commence with requested exhibits.
9. Order, under rule 15 any deficiencies, plaintiffs correct motions as court determines.

Plaintiffs

Wesley L Turner

16 Oct 2026

Malachi Aldrete

Exhibit 10 - SoNM case history

lew Mexico Courts
ase Lookup

Name Search | Case Number Search | DWI Search | Case Detail

**Wesley Turner, et. al., v. CITY OF RIO RANCHO, et. al.**

**CASE DETAIL**

| CASE NUMBER | CURRENT JUDGE | FILING DATE | |
|---|---|---|---|
| D-1329-CV-202601756 | Perez, Christopher | 08/12/2026 | BERNALILLO DISTRIC |

**PARTIES TO THIS CASE**

| PARTY TYPE | PARTY DESCRIPTION | PARTY # | |
|---|---|---|---|
| D | Defendant | 1 | CITY OF RIO RANCHO |
| | | ATTORNEY: DAHL ALAN JEFFERSON | |
| D | Defendant | 2 | SANDOVAL COUNTY |
| | | ATTORNEY: HUSS BRANDON | |
| | | ATTORNEY: MENDEZ ADOLFO J. | |
| | | ATTORNEY: ROMAN DAVID ANTHONY | |
| | | ATTORNEY: BARNETT BREE KATHLENE | |
| P | Plaintiff | 1 | TURNER WESLEY |
| P | Plaintiff | 2 | ALDERETE MALACHI |

**CIVIL COMPLAINT DETAIL**

| COMPLAINT DATE | COMPLAINT SEQ # | COMPLAINT DESCRIPTION | DISPOSITION |
|---|---|---|---|
| 08/12/2026 | 1 | CLS: JUDGMENT/ DISPOSITION | Transferred |

| COA SEQUENCE # | COA DESCRIPTION |
|---|---|
| 1 | Other |

| PARTY NAME | PARTY TYPE |
|---|---|
| ALDERETE MALACHI | P |
| TURNER WESLEY | P |
| SANDOVAL COUNTY | D |
| CITY OF RIO RANCHO | D |

**REGISTER OF ACTIONS ACTIVITY**

| EVENT DATE | EVENT DESCRIPTION | EVENT RESULT | PARTY TYPE |
|---|---|---|---|
| 09/29/2026 | CLS: REMOVAL TO FEDERAL COURT | | D |
| | Notice of Filing of Notice of Removal | | |
| 09/28/2026 | JDG: NOTICE OF JUDGE ASSIGNMENT | | D |
| | Notice of Judge Reassignment | | |
| 09/28/2026 | JDG: JUDGE EXCUSAL | | D |
| | Notice of Peremptory Excusal | | |

| EVENT DATE | EVENT DESCRIPTION | EVENT RESULT | PARTY TYPE |
|---|---|---|---|
| 09/29/2026 | CLS: REMOVAL TO FEDERAL COURT | | D |
| | Notice of Filing of Notice of Removal | | |
| 09/28/2026 | JDG: NOTICE OF JUDGE ASSIGNMENT | | D |
| | Notice of Judge Reassignment | | |
| 09/28/2026 | JDG: JUDGE EXCUSAL | | D |
| | Notice of Peremptory Excusal | | |
| 09/28/2026 | ENTRY OF APPEARANCE | | D |
| | Entry of Appearance | | |
| 09/14/2026 | MTN: TO DISMISS | | D |
| | County Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint in Lieu of Answer | | |
| 09/10/2026 | REQUEST FOR HEARING/ SETTING | | P |
| | Request for Hearing: on Motion for Production | | |
| 09/10/2026 | MTN: MOTION | | P |
| | Motion for Production | | |
| 09/10/2026 | REQUEST FOR HEARING/ SETTING | | P |
| | Request for Hearing: on Motion for Injunction against State of New Mexico | | |
| 09/10/2026 | MTN: MOTION | | P |
| | Motion for Injunction against State of New Mexico | | |
| 09/10/2026 | REQUEST FOR HEARING/ SETTING | | P |
| | Request for Hearing: on Amended Complaint | | |
| 09/10/2026 | AMENDED COMPLAINT | | P |
| | Amended Civil Complaint | | |
| 08/18/2026 | SUMMONS RETURN | | D |
| | Summons Return: Served on 08/17/2026 | | |
| 08/17/2026 | SUMMONS RETURN | | D |
| | Summons Return: Served on 08/14/2026 | | |
| 08/12/2026 | | | |
| 08/12/2026 | REQUEST FOR HEARING/ SETTING | | P |
| | Request for Hearing: on Motion (2) to Protect Evidence | | |
| 08/12/2026 | MTN: MOTION | | P |
| | Motion (2) to Protect Evidence | | |
| 08/12/2026 | OPN: COMPLAINT | | P |
| | Civil Complaint | | |

JUDGE ASSIGNMENT HISTORY

| ASSIGNMENT DATE | JUDGE NAME | SEQUENCE # | ASSIGNMENT EVEN |
|---|---|---|---|
| 09/28/2026 | Perez, Christopher | 2 | Excusal |
| 08/12/2026 | Martinez, Allison P. | 1 | INITIAL ASSIGNMENT |

Return

# UNITED STATES DISTRICT COURT

for the

District of New Mexico

| | | |
|---|---|---|
| Wesley Turner<br>Malachi Alderete<br>Plaintiffs | | Civil Action No. 26-cv-03220-JMR-GJF<br>)<br>) Trail by Jury is requested<br>) |
| | V | )<br>) |
| City of Rio Rancho<br>County of Sandoval<br><br>Defendants | | )<br>)<br>)<br>) |

**Certificate of service for –**

**Cross Motion on Multiple Dismissals, Injunction and Improper Service**

16 Oct 2026
Date Signed

Wesley Turner [signature]

Malachi Alderete

Mailing
7820 Enchanted hills blvd Ne
Ste A / PMB 283
Rio Rancho, NM 87144
Day time number 505 620 2522
Plaintiff(2) 3rd shift 505 420 2363

| | |
|---|---|
| I certify that the Copies of this amended complaint were mailed to defendants and emailed to counsel.<br><br>Wesley Turner | |

7820 Enchanted hills Blvd NE
Ste A, PMB 283
505 620 2522

| | |
|---|---|
| 4990 Foxmoore dr Ne<br>Rio Rancho, nm | |